Larremore, Ch. J.
We suggested upon the argument, after a cursory examination of the return, that the case was decided upon conflicting testimony, and the result should not be disturbed upon appeal. That suggestion, after .a more careful examination of the record, has strengthened into a conviction that the judgment rendered should not he disturbed.
Evidence was offered on the part of the plaintiffs of an admission of liability by the defendant and an express promfte to pay. The justice had the right to refuse to accept this testimony as controlling, and we cannot say from the case as presented, that there was any gross error ov mistake in his conclusion.
Judgment affirmed, with costs.
*579 Daly, J.
As the justice found in defendant’s favor, we must assume that he believed the defendant’s version of his dealings with Grunwig. The evidence on defendant’s part showed that while Grunwig showed his card, disclosing that he was salesman for plaintiffs, he did so, not to announce the capacity in which he dealt, but as a reference as to standing and responsibility; that he dealt exclusively for himself, because he came to defendant to order a suit of clothes for himself, and afterwards an overcoat and pantaloons, agreeing to pay for the latter garments in wine; that he made no sale in the strict sense of the term, but offered to supply goods in payment for clothes; that he stated that he sold for other parties than plaintiff and also had wines of his own; that he did not offer to give the goods of plaintiff in payment; that defendant did not know that the goods he received from Grunwig came from the plaintiff, no bill or invoice being received with them, and that the clothes were made and delivered after the wines were so received. Here was a case in which Grunwig appeared to be acting on his own account, and disclosed no principal save himself, and defendant was entirely justified in his dealings with him as such. Plaintiffs could have protected themselves by delivering a bill with their goods, for this would have been express notice to defendant of a sale by them, but defendant says they sent no bill, and the justice might believe him.
The judgment should be affirmed, with costs
Van Hoesen, J., concurs.